### POST v. BLANKENSTEIN.

(Supreme Court, Appellate Term. March 9, 1900.)

RENTS—AGREEMENT FOR DEDUCTION—CONSIDERATION.

    The tenant having written the landlord that some allowance should be made him for inconvenience to which he would be put by reason of repairs, and suggested that he be allowed rent free from time repairs should commence till the work was finished, and the landlord having replied that he considered the request a fair one, and would allow him to deduct the rent pro rata for the time the work was going on, which disturbed him materially, and that he could deduct the allowance from the August rent, and the work having begun July 19th, and not having been finished till September 28th, the tenant is entitled to a pro rata deduction for such time; the letters being, in effect, a settlement of a contest between the parties, so that there is a consideration for the agreement to allow a deduction.

Appeal from municipal court, borough of Manhattan, Tenth district.

Proceeding by W. K. Post against Julius Blankenstein to dispossess defendant for nonpayment of rent. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

E. Willman, for appellant.

W. K. Post, in pro. per.

PER CURIAM. It is unnecessary for us to determine whether the defendant was or was not in fact actually evicted from a part of the premises, because he consented to the landlord's doing what the landlord did do. In his letter of the 1st of July, the defendant wrote the plaintiff as follows:

"In all fairness to me, I suggest some allowance should be made me for the inconvenience myself and family will be put to by reason of the necessary repairs. I therefore suggest you allow me rent free from the time the repairs commence until the work is completely finished."

To this the plaintiff replied as follows:

"I think that your request is a fair one, and will allow you to deduct the rent pro rata for the time that the work is going on which disturbs you materially. You can deduct the above allowance from the August rent." 

We are of the opinion that the landlord promised to allow the tenant to deduct for the time that the work on the premises was going on. The evidence shows that it began on the 19th of July, and was not finished until the 28th of September, and that, in view of the agreement between the landlord and tenant above referred to, the tenant was entitled to a pro rata deduction for the time above specified. The landlord brought his proceeding to dispossess the defendant for the nonpayment of the rent for the whole of the month of September. It may be that the landlord was under no obligation to make any allowance to the defendant, but a claim for an allowance

was made by the defendant, and was acquiesced in by the plaintiff, and the letters of July 1st and July 6th were, in effect, the settlement of a contest between plaintiff and defendant, and therefore the agreement of the plaintiff to allow a deduction was not without consideration.

At the close of plaintiff's case, the justice before whom the case was tried declined to allow defendant to show, among other things, that the work was not finished until the 19th of October, and gave the defendant an exception to this ruling. We are of the opinion that this also was error.

Judgment and order reversed, with costs.